AUGUSTUS CIULLA vs. ESTA NICKAS & another. January 6, 1969. Ciulla, who owns land with frontage on the south side of Fears Court in Gloucester, seeks to enjoin Esta and Stella Nickas, owners of all land on the north side of the same part of Fears Court, from continuing alleged encroachments on the way. By a confirmed master's report findings of the following facts, among others, were made. The Nickas land is bounded northerly by Friend Street, westerly by Prospect Street, and on the south and east by Fears Court, which runs east from Prospect Street about 100 to 130 feet, and then runs north to Friend Street. Examination of the somewhat indefinite deeds in the chains of title of the Nickas family and of various other owners of land abutting on Fears Court reveals that from time to time the descriptions of the Nickas land have varied and that the intended width of Fears Court remains uncertain, as does the width to which the court was actually laid out. From 1929 to 1966, the Nickas family occupied their premises "in substantially the same area in which their present monuments exist." They closed this area off from Fears Court, in one way or another, without complaint from Ciulla or other abutters. The present Nickas structures and construction occupy to a slightly less extent the land claimed to be within Fears Court than did earlier Nickas structures, gardens, or walls. The master justifiably concluded that the Nickas family's "apparent, open and continuous" possession was under claim of right and establishes the boundary of their land on Fears Court. The bill in equity was correctly dismissed.

*Final decree affirmed with costs
of appeal.*

The case was submitted on briefs.
*Louis Albert* for the plaintiff.
*George A. Brown & Bertram W. Allen* for the defendants.

MIRIAM LISS, administratrix, vs. ESTHER LISS, guardian, & another. January 7, 1969. The administratrix sought leave to pay from the estate of Harvey Liss his share of the balance due upon a joint note of Liss and Nazareno D. Casna (and their respective nominees) secured by the capital stock of Quincy Glass Co., Inc. (Quincy) owned one half by Liss and one half by Casna. The probate judge correctly dismissed the guardian's counterclaims and granted other relief. The findings in the report of material facts were justified by the reported evidence. The judge could reasonably believe testimony that two $10,000 life insurance policies were "key man" insurance for Quincy's sole benefit. A stock redemption agreement under which Liss's estate was to transfer to Quincy all Liss's right, title, and interest in his shares of Quincy stock (see *Hubbard* v. *Apthorp*, 3 Cush. 419, 421–422) refers, in context, to the whole property in the shares, and not merely to any equity after satisfying the lien of the indebtedness secured by the shares. The transfer could be accomplished only by indorsement and delivery of the stock certificates. G. L. c. 106, §§ 8–101, 8–308, 8–309. There is no merit to the guardian's contentions based upon c. 106, §§ 2–105 (1) and (3), 2–106, 2–301, and 2–312.

*Decree affirmed.*

*Gerald N. Cohen* for Esther Liss, guardian.
*Arnold Bloom* for Quincy Glass Co., Inc.